**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.: 26-CR-011 (TJK)** |
| **v.** | : | |
| | : | |
| **DEMARKCO CHAMBERS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TEMPORARILY MODIFY CONDITIONS OF RELEASE**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's motion to temporarily modify release conditions for the reasons stated below.

The Defendant pled guilty on March 16, 2026, to one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); this plea marks the Defendant's third firearm conviction. Sentencing is scheduled for October 6, 2026. The United States moved for the Defendant's detention on December 22, 2025, and the Defendant opposed. On December 23, 2025, Judge Harvey denied the United States' motion for detention and ordered the Defendant's release on home detention. The Defendant has previously requested modifications of his release conditions and these requests have been granted. Specifically, the Court modified the Defendant's release conditions in April to permit him to attend a candlelight vigil and funeral of his girlfriend's sister on April 11 and April 13. The Defendant was permitted to leave his residence from 4:00 p.m. to 8:00 p.m. on April 11 and between 9:00 a.m. and 7:00 p.m. on April 13.

The Defendant failed to abide by these modifications that were granted to him on both dates. According to a Pretrial Services report, the Defendant was away from his residence from

3:11 p.m. until 10:54 p.m. on April 11. When he was questioned by PSA about his non-compliance, he initially stated that he had fallen asleep in his car but later admitted that he had been drinking and fell asleep in his car. Similarly, on April 13 the Defendant was out past his modified curfew with a group of people and was encountered by police officers. The officers commanded the group to disperse and an arrest was made for one of the group members. Officers commanded that the Defendant return to his residence, but he was later informed that he would be arrested. In response, he ran from the officers before ultimately being apprehended. This arrest was not papered by the Superior Court division of the U.S. Attorney's Office.

Given the Defendant's prior violations that have occurred when his release conditions have been modified, the United States respectfully opposes the Defendant's request to modify his conditions so that he can attend a family reunion. The Defendant has not demonstrated that he can abide by his conditions of release when they are modified to allow for outside activities and consequently they should not be modified for the requested activity.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/Alexander B. Cook
Alexander B. Cook
FL Bar No. 1026428
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 714-6516
Alexander.Cook2@usdoj.gov